UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT PHILLIP LEWIS,

        Plaintiff,

-against-

WILLIAMSON COUNTY, TEXAS, et al.,

        Defendants.

24-CV-3092 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated October 17, 2024, the Court dismissed Plaintiff's claims arising under the Americans with Disabilities Act ("ADA") and directed Plaintiff to show cause why his claims asserted under 42 U.S.C. § 1985(3) should not be dismissed as untimely. On November 18, 2024, Plaintiff filed a declaration where Plaintiff contends that the limitation period should be tolled under Texas state law which provides for tolling of a claim for certain individuals. The Court has reviewed Plaintiff's declaration. For the following reasons, the Court dismisses the complaint for failure to state a claim and grants Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns an alleged conspiracy, participated in by the named defendants to enrich themselves, and for the purpose of violating Plaintiff's constitutional rights. Plaintiff names as Defendants the following entities: (1) Williamson County, Texas; (2) City of Austin, Texas; (3) A&E Television Networks, LLC ("A&E"), with headquarters in New York City; (4) The Walt Disney Company, with headquarters in California and a parent company of A&E; (5) Hearst Corporation, with headquarters in New York City and a parent company of A&E; (6) Metro-Goldwyn-Mayer Inc., with headquarters in California; (7) Big Fish Entertainment, with headquarters in New York City; and (8) the Vandegrift Lacrosse Club Booster Organization, located in Texas.

The following facts are drawn from the complaint.[1] In November 2015, Plaintiff suffered a concussion and a traumatic brain injury as a result of being hit by a vehicle in a hit-and-run accident in Austin, Texas. Following this accident, "[t]he police who were involved never followed up with Plaintiff, seemingly attempting to cover up what happened." (ECF 1, at 3.) More than three years later, "[o]n January 25, 2019, Plaintiff was arrested for driving while intoxicated in Williamson County, TX." (*Id.* at 4.) On an unspecified date, LivePD broadcast a television episode that used "[s]elective, manipulated and edited portions of the arrest." (*Id.* at 4). Plaintiff indicates that LivePD was cancelled in June 2020.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Defendant Big Fish Entertainment, which is owned by Metro-Goldwyn-Mayer, produced LivePD, which aired on A&E. The Walt Disney Company and Hearst Corporation are co-parents of A&E. Vandegrift Lacrosse Club Booster Organization is an organization that employed Plaintiff "at the time of the conspiracy and arrest. Together, these defendants are the conspirators to Plaintiff's federal law violations." (*Id.* at 5.)

Plaintiff claims that the Section 1985(3) conspiracy began "with Plaintiff's . . . [2015] hit and run accident in Austin, TX" and continued up until LivePD's broadcast of Plaintiff's 2019 arrest. (*Id.* at 7.) He alleges that, based on his being "susceptible of mental health symptoms or physical ailments," he was "vulnerable for mistreatment and being broadcast on the television show." (*Id.*) He asserts that "[t]hose responsible for conspiring to violate individuals Constitutional rights, such as Plaintiff's, in order to enrich themselves have yet to be held accountable." (*Id.*)

In the Court's October 17, 2024 order, after noting that the statute of limitations for a Section 1985(3) claim is three years and that the claim accrued, at the latest, in June 2020, the Court concluded that the complaint was untimely. In his declaration, Plaintiff contends that, under a Texas civil procedure statute, equitable tolling applies to this case.

## DISCUSSION

Because Plaintiff argues that equitable tolling should apply in this case, the Court will assume for the purposes of this order that Plaintiff's Section 1985(3) claims are timely. At a later stage, should this action proceed, the Court may address whether equitable tolling should apply to this case. At this stage, however, the Court considers Plaintiff's Section 1985(3) claims under the IFP statute, *see* 28 U.S.C. § 1915(e)(2)(B), to determine whether the claims must be dismissed for failure to state a claim on which relief may be granted.

To state a claim of conspiracy under Section 1985(3), a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or of equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [Section 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted).

Claims under Section 1985(3) must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

Here, Plaintiff's conclusory and vague allegations about a conspiracy involving a Texas city and county, four media companies located in New York and California, and a Texas booster club do not state a claim under Section 1985(3). First, Plaintiff offers no support for his contention that these varied defendants worked together to deny him his rights. For example, it is entirely unclear how a Texas booster club conspired with Big Fish to deny Plaintiff his rights under federal law. Second, Plaintiff's allegation that LivePD aired a show about his arrest in a manipulative fashion does not support the conclusion that Defendants acted together to deprive

4

him of any federal rights. Although Plaintiff contends that LivePD chose him because of his vulnerabilities, caused by his disabilities, this allegation does not suggest that Defendants were motivated by a discriminatory animus toward him because of his disability. Indeed, he does not allege any facts suggesting that any defendant was aware of his disability. Finally, the complaint does not suggest that Defendants acted together with a shared purpose to deprive Plaintiff of his rights. For these reasons, the Court dismisses Plaintiff's claims of conspiracy under Section 1985(3) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court finds that it would not be futile to grant Plaintiff leave to amend to allege additional facts to state a valid claim, the Court grants Plaintiff **30 days' leave to amend his complaint** to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   August 25, 2025
         New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge