UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT PHILLIP LEWIS,

        Plaintiff,

-against-

WILLIAMSON COUNTY, TEXAS, et al.,

        Defendants.

24-CV-3092 (LTS)

SECOND ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights. By Order dated October 17, 2024, the Court dismissed Plaintiff's claim brought under the Americans with Disabilities Act ("ADA") for failure to state a claim. (*See* ECF 5, at 6) (concluding that Plaintiff did not allege "any facts suggesting that Defendants denied him access to a public accommodation") and ordered him to show cause why his claims asserted under 42 U.S.C. § 1985(3) should not be dismissed as time barred. Plaintiff filed a declaration arguing that equitable tolling should apply. By Order dated August 25, 2025, the Court, assuming for the purposes of the August 25, 2025 Order that equitable tolling applied to Plaintiff's Section 1985(3) claims, dismissed the claim for failure to state a claim, with 30 days' leave to replead. Plaintiff filed an amended complaint on September 24, 2025, adding three new defendants, all members of the Vandegrift [Texas] Lacrosse Booster Club. The amended complaint is otherwise a near duplicate of the original complaint. The Court therefore dismisses the amended complaint for the reasons stated in the Court's August 25, 2025 Order, and for the reasons stated below.

## DISCUSSION

In the Court's August 25, 2025 Order, the Court dismissed Plaintiff's conspiracy claims, brought under Section 1985(3), because Plaintiff did not allege any facts suggesting that the named Defendants participated in a conspiracy to deny Plaintiff of any of his federal rights. (*See* ECF 7, at 4) ("Plaintiff's conclusory and vague allegations about a conspiracy involving a Texas city and county, four media companies located in New York and California, and a Texas booster club do not state a claim under Section 1985(3).").

In the amended pleading, Plaintiff claims that Defendants "worked in tandem in an attempt to discredit Plaintiff[,] [who], [i]n the conspirator's eyes, . . . was just a poor man with a drinking problem whose rights could be violated and stomped all over without consequence." (ECF 8, at 9.) This conclusory statement, which Plaintiff asserted in his original complaint (*see* ECF 1, at 8), attempts to show that Defendants acted in concert to deny Plaintiff his federal rights. It does not, however, provide a factual basis for Plaintiff's assertion that the named Defendants participated in a specific conspiracy to deny Plaintiff of a specific federal right. Because the Court dismissed Plaintiff's ADA claims in its October 17, 2024 Order, and Plaintiff does not suggest that Defendants violated any other federal right, he cannot show that Defendants violated his Section 1985(3) rights. Put simply, the facts alleged do not plausibly suggest that any of the defendants coordinated their conduct with any other defendant for the purpose of denying Plaintiff of any federal right. Accordingly, for these reasons, and the reasons stated in the Court's August 25, 2025 Order, the Court dismisses Plaintiff's Section 1985(3) conspiracy claim for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to terminate any motions in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:   November 3, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                  Chief United States District Judge