UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT PHILLIP LEWIS,

Plaintiff,

-against-

WILLIAMSON COUNTY, TEXAS, et al.,

Defendants.

24-CV-3092 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, filed this action seeking to proceed *in forma pauperis* ("IFP"). By order dated September 3, 2024, the Court granted Plaintiff's IFP application, and on August 25, 2025, following the Court's statutorily required review of this case under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the case for failure to state a claim on which relief may be granted under Section 1915(e)(2)(B)(ii), with leave to file an amended pleading.[1] On September 24, 2025, Plaintiff filed a first amended complaint and requests for the issuance of summonses. On November 3, 2025, the Court issued a second order of dismissal, pursuant to Section 1915(e)(2)(B)(ii), again finding that Plaintiff did not state a claim. On the same day, the Clerk of Court issued a civil judgment.

After the closure of this case, on December 5, 2025, Plaintiff filed a motion under Rule 60(a) of the Federal Rules of Civil Procedure, seeking "to correct clerical mistakes." (ECF 16.) Specifically, Plaintiff asserted that the Clerk of Court "erred by not issuing a summons prior to

[1] Section 1915(e)(2)(B)(ii) states, in relevant part, "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" *Id.*

the dismissal of this complaint" under Rule 4(b) of the Federal Rules of Civil Procedure. (*Id.* at 1.) For the following reasons, the Court denies the motion.

**DISCUSSION**

A district court may correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Clerk of Court in this action did not make a mistake by not issuing summonses in this case.

Generally, Rule 4(b) requires the Clerk of Court to issue a "properly completed" summons presented to the Clerk following the filing of a case. *See* Fed. R. Civ. P. 4(b). At the same time that a plaintiff may seek the issuance of a summons from the Clerk, the district court must review the case under Section 1915(e)(2)(B) and shall "dismiss [it] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). Here, Plaintiff was not entitled to the issuance of summonses by the time he had filed his requests because the Court had already dismissed the case under Section 1915(e)(2)(B)(ii) for failure to state a claim. Because Plaintiff's claims against Defendants had been dismissed, ordering the Clerk's Office to effect service on those Defendants through the U.S. Marshal was not required.[2] *See, e.g.*, *Benton-Flores v. Austin*, No. 22-CV-0309 (KMW) (SAK), 2022 WL 2903340, at *1 (D.N.J. July 22, 2022) ("Federal law requires the Court to screen Plaintiff's Complaint sua sponte for dismissal *prior* to service. . . . As such, a summons is issued only upon the completion of the Court's screening. Because this matter is dismissed in its

[2] Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, "[t]he court must so order [that service by made by a United States marshal or deputy marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915[.]" *Id.*

entirety, the summons in this matter will not be issued.”).[3] Accordingly, because the Clerk of Court did not make a mistake by not issuing summonses in this case, the Court denies Plaintiff’s motion to correct a clerical error.

**CONCLUSION**

The Court denies Plaintiff’s Rule 60(a) motion to correct a clerical error. The Clerk of Court is directed to terminate the motion at ECF 16.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 4, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[3] Even if the Court had not dismissed this action before Plaintiff had filed his requests for the issuance of summonses, the Court still would not order that service be made under Rule 4(c)(3) of the Federal Rules of Civil Procedure because the statutorily required review of the case under Section 1915(e)(2)(B) would not have been completed. *See, e.g.*, *Santos v. Keenan*, No. 17-CV-0984 (LJV) (HKS), 2020 WL 2859202, at *1 (W.D.N.Y. Feb. 6, 2020) (“Typically, it is the Court’s practice to defer service of a summons and complaint following screening until after a plaintiff files an amended complaint in those situations where some claims are deemed sufficient upon sua sponte review to survive screening, while others are dismissed but with leave to amend.”), *report and recommendation adopted*, No. 17-CV-0984, 2020 WL 1025189 (W.D.N.Y. Mar. 3, 2020).